

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00184-CR
No. 02-21-00185-CR
No. 02-21-00186-CR
No. 02-21-00187-CR

———————————————

PAUL HILL, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court Nos. 1517718D, 1517721D, 1517723D, 1582677D

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In four separate but related cases, Appellant Paul Hill pleaded guilty to engaging in organized criminal activity, theft of property from an elderly person,[1] money laundering, and bail jumping. *See* Tex. Penal Code Ann. §§ 31.03(a), (f)(3)(A), 34.02(e)(2), 38.10(f), 71.02(a). Hill entered his pleas without an agreement on punishment. The trial court sentenced Hill to eighty-five years for engaging in criminal activity (and eighty-five years on each of the three theft counts in the same case to which Hill pleaded guilty), twenty years for theft of property from an elderly person, ten years for money laundering, and ten years for bail jumping and ordered that his sentences will run concurrently.

On appeal, Hill's counsel has filed a motion to withdraw and a brief in which he argues that the appeal is frivolous. Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Additionally, in compliance with *Kelly v. State*, counsel provided Hill with copies of his brief and motion to withdraw, he informed

---

[1]In one case (to which we have assigned appellate cause number 02-21-00184-CR), the indictment charged Hill with one count of engaging in organized criminal activity and four felony theft counts. Hill pleaded guilty to the first four counts of the indictment, and the State waived the fifth count. The other three cases all involved single-count indictments, to which Hill pleaded guilty.

Hill of his right to file a pro se response and to review the record, and he mailed Hill a pro se form to request the reporter's record and the clerk's record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).[2] Hill has not filed a pro se response, and the State has filed a letter in which it stated that it agreed with appointed counsel that the appeal is frivolous and therefore that it will not reply to the motion to withdraw and the *Anders* brief supporting it filed by Hill's counsel.

After an appellant's court-appointed counsel fulfills the requirements of *Anders* and files a motion to withdraw on the ground that the appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*,

---

[2]Nowhere in his brief or motion does Hill's counsel certify that he informed Hill of his pro se right to seek discretionary review should this court declare his appeal frivolous, which is also required under *Kelly*. 436 S.W.3d at 319. We accept counsel's *Anders* brief and motion despite this omission, however, because by rule, within five days after we hand down our opinion, counsel is required to "send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68." Tex. R. App. P. 48.4. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. Tex. R. App. P. 68.3(a). And a petition for discretionary review must be filed "within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." Tex. R. App. P. 68.2(a). Accordingly, even if Hill's counsel did not provide Hill this necessary information in his *Anders* letter, we have provided Hill with the requisite information here, and we are confident that counsel will provide Hill the requisite information when complying with Rule 48.4. *See Loza v. State*, No. 02-22-00078-CR, 2023 WL 2926439, at *1 n.1 (Tex. App.—Fort Worth Apr. 13, 2023, no pet. h.) (mem. op., not designated for publication).

3

813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly without merit; we have found nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 25, 2023